IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2008 MAR 19 A 9:33
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

James McGrio, Jr.
   Plaintiff

vs.                                                   CASE No: 2:08cv189-MEF

Commissioner Robert Allen
Governor Bob Riley
   Defendant

## MOTION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER AND PERMANENT ISSUANCE OF A PRELIMINARY INJUCTION

COMES now the plaintiff James McGrio, Jr., [hereinafter McGrio] pursuant to Rule 65 (A) and (b) of the F.R.Civ.P., and request the granting of an emergency temporary restraining order transferring McGrio to St. Clair Correctional Facility segregation unit to prevent irreparable mental and physical damage from the new terrorist within the Alabama Dept. of Corrections [ADOC], Gang Members. As the defendants have admitted they are unable or unwilling to take the necessary actions against identifiable gang members to prevent the violation of McGrio's right against cruel and unusual punishment on the following grounds to wit:

## STATEMENT OF THE CASE AND FACTS

1. In the year of 2004 McGrio was transferred to the segregation unit of Holman Correctional Facility. Upon arriving there gang members joined forces

-1-

with a homosexual named Costella, who McGuico wrote a newspaper article about murdering a man and the homosexual environment of Holman Prison.

2. The gang members declared McGuico as violated by them and started a psychology strategy called Killing behind the doors. Wherein they take homosexual caricatures and call McGuico the caricatures to deprive him of sleep, social discord and to discredit him with other inmates, as a pariah.

3. A former gang member a young man McGuico didn't know by the name of Kenneth William was assigned in the cell next door to him K-4. Got wind of what the gang members were about to do to McGuico and out of the blue told McGuico to turn to the christian daily bread booklets given to them by the chaplin and to read January 21, 2008. It dealt with streingth and courage that Dr. Martin Luther King sought from God when he was afraid. The former gang member 25 years of age Kenneth William's was trying to prepare McGuico for the nefarious conduct the gang member's were going to assault him with. (Exhibit I)

4. McGuico was transferred back to Holman Prison January 18, 2008. Two of the gang members that were in the segregation unit in 2004 known to him as Reggie now and housed in cell 56 on the disciplinary segregation side of the unit and Zule - Marjorine Thomas. Were still in the segregation unit and began the verbal assault upon McGuico once more 24 hours a day and began to recruit other gang members to assist them. Calling McGuico homosexual caricatures to deprive him of sleep, social discord and to discredit him with other inmates, as a pariah. The gang members Reggie and Marjorinie Thomas organize this psychology method which gang members call killing behind the doors, is using the walk time and

-2-

runner system to pass notes to each other keeping the 24 hour a day psychological assault going upon Mr. García.

5. Mr. García has requested of All supervisor subordinates to protect him, transfer him, take disciplinary action against the gang members and All have failed and refused to take any actions. They have even drawn smiling faces on his written complaint and accused him of just wanting a transfer and creating a problem.

6. On the 19th day of February, 2008 Mr. García filed a complaint with defendant's Commissioner Robert Allen and Governor Bob Riley requesting protection. To the date of this legal filing the defendant's have failed and refused to protect him from the gang members psychological assault.
(Exhibit II)

## GROUNDS FOR RELIEF

The defendant's have a constitutional obligation to protect Mr. García while in the care, custody and control in the Alabama Dept. of Corrections, [ADOC].

Mr. García has requested emergency relief on the grounds he is subject to psychological injury by gang members, who are subjecting him to physical injury in sleep deprivation, excessive high blood pressure, ulcer pain due to stress, paranoia and psychological deterioration.

Ordinarily, the injury in a violation of an Eighth Amendment claim the injury is obvious. But not always. This does not "preclude suits by prisoners under the Eighth Amendment grounded solely on claims of psychological in-

-3-

jury". The Constitution "does not countenance psychological torture merely because it fails to inflict physical injury". Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).

In Babcock v. White, 102 F.3d 267, 271 (7th Cir. 1996), the Seventh Circuit Court of Appeals discussed the type of injury actionable under section 1983. Babcock pleaded with prison officials to protect him from members of a gang known as the Mexican Mafia. Even though never assaulted by anyone, he sued prison officials under section 1983 for their purported deliberate indifference to his safety concerns. The district court grant summary judgment to the individual defendants.

On appeal Babcock in his main brief, (sic) in Doe v. Welborn, 110 F.3d 520, 524, (7th Cir. 1997) [citing Babcock therein] Doe alleges, "the damages [are] the terror, psychological harm and deterioration, and suicide attempts that come from living with the constant threat of death. These damages are compensable under the Eighth Amendment." But the court found not in Doe's case as he showed no injury.

But, the Doe court held in footnote 3 on page 524, "that injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm", was available.

McGinic claim is made simply for injunctive relief, but is actionable as well for compensable damages. McGinic is alleging that defendants are failing to protect him from the gang member's psychological assault by not transferring him. But McGinic has alleged that he has in fact suffered physical damages-

of sleep deprivation, excessive high blood pressure that cause dizziness, head aches and sight impairment, ulcer pain due to stress, paranoia and psychological deterioration. These damages are compensable under the Eighth Amendment. Id.

McGuire submits to this Court the Affidavit of former gang member Kenneth Williams. As evidence in support of the violation of his Eighth and Fourteenth Amendment Rights by defendant Robert Allen and Gov. Bob Riley. William Attests under oath that gang member Reggie and others have declared McGuire violated. McGuire cities a brief portion as an excerpt from Kenneth William's Affidavit, the Remainder can be reviewed as Exhibit I:

> "I'm a prior gang member and got wind that gang members known to me as Reggie housed in cell 56 disciplinary segregation was spreading around that McGuire was violated and recruiting others and home boys, to start the mind game we call killing behind the doors to run an individual crazy. I didn't know McGuire but as an older guy had learn to respect him from simply talking with him. So being a prior gang member I knew what they were about to put him through and I knew no one was going to help or tell on them..."

McGuire's claim of psychological injury does reflect the deprivation of the "minimal civilized measures of life's necessities". As McGuire has showed physical harm and the extreme psychological harm he is being sanctioned to by gang members and the defendants refusal and failure to protect, that supports a claim for damages under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, (1994).

-5-

Due to the seriousness of the hostile environment the defendant's have Mr. Grice housed in and refused to protect, unwilling to protect or unable to protect, Mr. Grice is requesting that an immediate order be issued transferring him to St. Clair Unit. As Mr. Grice has a right to be secure in his person from violence, physical abuse and contagious disease. See: Nicholson v. Choctaw County, Ala. 498 F. Supp. 295 (D.C. Ala. 1980); Hopkins v. Britton, 742 F.2d 1308 (C.A. 11 Ala. 1984) and Moore v. Morgan, 922 F.2d 1553 (C.A. 11 Ala. 1991).

## FURTHER RELIEF REQUESTED

1. That a TRO be immediately granted before defendant's attorney can be heard, removing Mr. Grice and prison gang member Kenneth William's from Holman Correctional Facility. Before further irreparable mental and further physical injury can be inflicted upon Mr. Grice by the gang member's psychological tactic of killing behind the doors, 24 hours a day. Transferring Mr. Grice to St. Clair Unit and swapping his enemy inmate Robert Counsel back to Holman Unit.

   (A) That inmate Kenneth William has been threaten for violating the gang code by providing testimonial evidence in Mr. Grice's behalf, and can no longer be housed in general population or segregation at Holman Unit and must be transferred.

2. That a hearing be held thereafter within 10 days for the granting of a permanent preliminary injunction be issued preventing the ADOC from transferring and housing Mr. Grice or Kenneth Williams at W.C. Holman Correctional Facility during their periods of incarceration within the ADOC.

-6-

3. That McGuire be Appointed Counsel.

4. That McGuire and inmate Kenneth Williams be transported to the Court for said hearing to give testimony and other witnesses, such as Officer Ronald Williams, inmates Antonio Lipcomb, Tresy Fancey #199666 and Santino Bradford #200884.

I hereby swear under the penalty of perjury that the Averments and matters contend made by James McGuire, Jr are true and correct to the best of my knowledge and belief.

James McGuire 3/17/08

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2008, I have served a copy of this "Motion for An Emergency Temp. Res. etc", upon the following parties via, United States Mail postage prepaid:

Comm. Robert Allen
Ala. Dept. of Corrections
P.O. Box 301501
Montgomery, AL. 36130-1508

Governor Bob Riley
Governor's Mansion
Montgomery, AL. 36104

James McGuire
#117395-K-3
Holman Unit 3700
Atmore, AL. 36503

-7-

AFFIDAVIT OF Kenneth Williams

Before me a notary public in and for said county and state, personally appeared Kenneth Williams, being duly sworn, deposed and says an oath that the agreements contained in the foregoing are true to the best of his ability, information, knowledge and belief as follows:

My name is Kenneth Williams #219273 I am over the age of twenty one and state that I'm housed at Holman prison in cell K-4 next door to cell K-3 that houses inmate James McConico JR since about January 18, 2008. I'm a prior gang member and got wind that gang member known to me as Reggie housed in cell 56 Displanary Segragation, was spreading around that McConico was violated and recruiting others and homeboys. to start the mind game we call killing behind the doors to run an individual crazy. I didn't know McConico but as an older guy had learn to respect him from simply talking with him. So being a prior gang member I knew what they were about to put him through and I knew no one was going to help him or tell on them. So I told him to go turn to our Christian Daily Bread Booklets given to us, January 21, 2008 where it talked about Dr. Martin Luther King confessing to the lord he was weak as the people looked to him for leadership. God told him to stand up for Righteousness, stand for truth and God would be at his side. I knew this was all I could do for Mr McConico Because my generation has lost sight of respect for elders

(1)                                    "Exhibit I"

The gang-members are working in 3 shifts to abuse Mc conico and they organize how they will preform this each Day By passing notes with the ball Runners and going on the walk. they create their gratest verBal aBuse Doing showering, when the nurses come around, when the officers Aren't In the cell Block and late at night. Mc conico IS up all times of night listening Because they keep calling out his name and asking me Did I hear Reggie agian. Mc conico Didn't know who reggie was walking To the Shower calling him hoe's Fuck Boy's and Bitches, I told him who the Guy was. Reggie and the others Favor use of words is he's A Fuck nigger, he's Been Fucked, James Mc conico is A Fuck Boy, his homeBoys Said It.

Mc conico is losing it slowly as the emBarrassment stress and lack of sleep is Breaking his spirit, one Day his voice Broke and was Forcing Back tears as he told me he Didn't even know these Guys. the gang memBers use the Deceptive claim that Mc conico is talking aBout their mama to get the others in the cell Block not to saying anything aginst them. But I have Been the cell next Door everyDay since Mc conico was put In K-3 and not once has he said anything to the voices calling him names or Reggie Doing the same.

(2)

_Kenneth Williams_ (signature)
Kenneth Williams

Sworn to and subscribed before me on this the 21 day of

FEB                          2008

Charlie Portis
My Commission Expires May 3, 2010

my commission Expired                    Notary Public

(3)

Fr: James McGriff, Jr.
  #117345- K-3
  Holman Unit 3700
  Atmore, AL. 36503

To: Governor Bob Riley
Governor's Mansion
Montgomery, Alabama 36104

To: Commissioner Richard Allen
Alabama Dept. of Corrections
P.O. Box 301501
Montgomery, AL. 36130-1508

Dt: 2/19/08

Re: Complaint due to gang members harassment and the failure of the Holman Unit Administration to take any action.

## COMPLAINT

McGriff has filed two complaints with the principle parties responsible for the security and his protection in the segregation unit at Holman Correctional Facility, Warden Grantt Culliver and Captain Bishop. About the verbal abuse and sleep deprivation he is being subject to by gang members 24 hours a day. Two or three years ago McGriff wrote an article in the newspaper about the —

-1-                                    "Exhibit II"

senseless killing of a man by two homosexual at Holman Prison and the homosexual environment. Many of the gang member's out of the Mobile Area are gay and supported the sissies that committed this murder. The gang members who have declared McGonico violated, as gang member call it, is known to him as Reginald (Reggie) assigned to cell 56 disciplinary segregation side, last name unknown to me as of February 28, 2008. And one named Flute, his nick name.

In the year 2008 McGonico was returned to the Holman segregation unit January 18, 2008 and the gang members initiated a 24 hour a day verbal assault with numerous other gang members aiding and assisting him using their bizarre homosexual caricatures to deprive him of sleep, social discord, and to discredit him with other prisoners, as a pariah.

McGonico requested of Warden Culliver and Captain Bishop to bring this gang member and him to their office to resolve this situation on the 12th and 14th days of February, 2008, both negligently failed to take any action. The gang members named Reginald and Flute have recruited other gang members to assist them in the psychology method gang members call killing behind the doors using the valley time and runner system to pass notes to organize this verbal assault upon McGonico.

All segregation officers and supervisors when going through this unit doing distribution of medication go right by Reginald's cell and the majority of the gang members partaking in the nefarious conduct in the disciplinary segregation side of the unit.

- 2 -

Inmates Reginald and Flute for a month have verbally stated openingly Carrico is a hoe or gay and a host of other homosexual caricatures in front of the female and male nurses. The supervisor's and officers have listen to this violation of AR 403 creating a institutional security safety hazard, and have not reported it, written one incident report of the gang activity or filed disciplinary actions against the inmates.

The negligent acts of the correctional officers, Culliver and Bishop has medically effected Mr. Carrico as his high blood pressure is elevated. Due to the lack of sleep and stress caused by the gang members verbal assault on him and psychology torture of him to enforce their violation of Mr. Carrico. These violent acts of the gang members violate Mr. Carrico's Eighth and Fourteenth Amendment rights and the neglect is knowingly and willfully by Culliver, Bishop and the segregation officers on all three segregations shifts at Holman segregation unit.

This is a rampant problem with gang members throughout the Alabama Dept. of Corrections, being covered up, because the department has no facility in place like other states to house these violent gang members in. This is the second attack Mr. Carrico has been subject to within the segregation unit at Holman Unit within the past two years or so and the supervisors were aware of this danger before transferring Mr. Carrico to Holman Unit segregation unit.

I'm requesting one of the following forms of relief be provided to enforce Mr. Carrico's constitutional rights:

(1) Consultation with the gang members known as Reginald and Flute specifically

-3-

Reginald in cell 56 of disciplinary segregation;

(2) Disciplinary action and retraining of the segregation officer's in gang activity before some inmate loses his life;

(3) Transfer of Mr. Grio back to St. Clair Unit and his enemy Robert Counsel is transferred back to Holman Unit immediately;

(4) Suspension of all privileges including walking until gang activity cease;

(5) Disciplinary action against all identifiable gang members that the Correctional officer's have ignored;

(6) Increase funding to build a max security facility for housing of violent gang members.

*Jay McCaf*

cc: Warden Grant Culliver
    Captain Bishop

-4-