IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES McCONICO, JR., #117395, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08-CV-189-MEF |
| | ) | [WO] |
| | ) | |
| COMMISSIONER ROBERT ALLEN, et al.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, James McConnico, Jr. ["McConico"], a state inmate confined in the segregation unit at Holman Prison, complains he is being mentally assaulted by gang members and the prison staff refuses to undertake appropriate measures to protect him from these psychological attacks.[2] McConico alleges that "[t]his psychological gang strategy wherein the gang members call McConico homosexual caricatures all day and night ... [is] causing him to suffer elevation of his high blood pressure, pain due to stress causing his ulcers to hurt and paranoia." *Plaintiff's Complaint - Court Doc. No. 1* at 6. McConico seeks transfer to a different correctional facility and compensatory damages.

. Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District

---

[1] The court notes that the correct name of the commissioner is Richard Allen.

[2] McConico names Robert Allen, Commissioner of the Alabama Department of Corrections, and Bob Riley, Governor of the State of Alabama, as the sole defendants in this case. McConico alleges that prison officials at Holman ignored all his requests for protection and he therefore filed a complaint with defendants Allen and Riley which has likewise gone unanswered.

of Alabama pursuant to provisions of 28 U.S.C. § 1404.[3]

## DISCUSSION

A 42 U.S.C. § 1983 action "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

Although by virtue of their positions in state government the defendants reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. The actions about which the plaintiff complains are occurring at a correctional facility located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, those individuals personally involved in the alleged constitutional violations are employed at the aforementioned facility. Additionally, the named defendants are not involved in the daily operation of this or any other correctional facility nor do they decide in which facility a prisoner will be housed. Thus, it is clear that the majority of witnesses and evidence associated with this case are located in the

---

[3]The records of the federal courts of this state demonstrate that McConico is in violation of the "three strikes" provision of 28 U.S.C. § 1915(g). Upon initiation of this case, McConico did not pay the requisite filing fee nor did he seek leave to proceed *in forma pauperis*. However, under the circumstances of this case and in light of the April 1996 revisions to 28 U.S.C. § 1915, the lack of these documents does not affect the action of this court as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.[4]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before April 2, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also*

---

[4]In transferring the present case, this court makes no determination with respect to the merits of the plaintiff's claims for relief. The court also defers issuing a ruling on the plaintiff's motion for preliminary injunction as such motion is more appropriately addressed by the United States District Court for the Southern District of Alabama.

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding

precedent all of the decisions of the former Fifth Circuit handed down prior to the close of

business on September 30, 1981.

Done this -19-[th] day of March, 2008.


                              /s/   Wallace Capel,,Jr.
                    WALLACE CAPEL, JR.
                    UNITED STATES MAGISTRATE JUDGE