IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN
DIVISION

James McGavio, Jr.
Plaintiff

vs.                                    Civil Action No: 2:08-CV-189-MEF

Robert Allen et al,
Defendants

PLAINTIFF'S OBJECTION'S TO RECOMMENDATION
OF THE MAGISTRATE JUDGE

COMES now the plaintiff James McGavio, Jr., [herein after McGavio] in the above styled cause of action and vehemently object's on the following grounds to wit:

1. The defendant's in this case are Commissioner Richard Allen and Governor Bob Riley both responsible for the state of Alabama's prison system. The Mag/ Judge has recommended to this U.S. District Court that this civil complaint be transferred to the United States District Court for the Southern District of Alabama. McGavio object's!

The United States Congress did not enact rules that govern the statute of limitation and venue of civil complaints involving claims filed about injuries-

-1-

within the State of Alabama. Therefore Title 6 Sections 6-2-1-6-2-41 and 6-3-1 through 6-3-22 of the Code of Alabama 1975 are controlling.

Section 6-3-9 Code of Alabama 1975 makes it mandatory, where the prison system is involved all actions must be filed in Montgomery County, Alabama. McGinico is demanding declaratory and injunctive relief that only these two defendants can a judgment in McGinico's behalf can be enforced upon.

Venue is proper in the United States District for the Middle District of Alabama as a matter of law and McGinico moves this Court not to adopt the Mag/Judge Recommendation. Directing the Mag/Judge to immediately adjudicate McGinico's motion for a TRO and Preliminary Injunction due to the torture he is exposed to by gang members 24 hours a day.

2. McGinico objects to the Mag/Judge March 19th, 2008 decision on what is entitled a "Order on Motion", wherein the Mag/Judge misconstrues McGinico's, "Memorandum of Law, Whether McGinico's Claim Meets the Requirement of a Serious Physical Injury of the Prison Litigation Reform Act", as a Motion for Appointment of Counsel.

McGinico hasn't filed a motion for appointment of counsel and never meant for his "Memorandum of Law Addressing the Exception to the PLRA of Serious Physical Injury", to be construed as such.

On page (2) two of the Mag/Judge's Recommendation, he does just what —

-2-

McGruic Assumed he would do. Referred to the provisions of the "three strike" of 28 U.S.C. Section 1915 (g). This was the sole and only purpose of McGruic's "Memorandum of Law..." to show the exception applied to him in this case, Not A motion for Appointment of Counsel. McGruic object's!

McGruic moves the Court Not to Adopt the Mag/Judge Report and Recommendation and Send this cause back to the Mag/Judge to take evidence whether the exception Applies in McGruic's behalf.

3. McGruic object's to the Mag/Judge deferring and denying McGruic An immediate hearing on his request for injunctive relief within 10 days without taking any evidence. And McGruic had provided the Court with a prior gang members affidavit who has risk his life by violating the gang code and snitched out their psychological torture of McGruic. Plus the 60 plus days McGruic has be subjected to this Nefarious conduct 24 hours A day suffering physically and mentally.

The Mag/Judge is either living within a dot or Acting as if Alabama gang members are committing capital murder, murder, Assault and A host of other violent strategism daily in Alabama. With the evidence presented to the Mag/Judge McGruic should have been provide relief or A hearing to determine the validity and seriousness of the physical medical danger McGruic is and suffering. McGruic moves the Court Not to Adopt the Mag/Judge's Report and Recommendation and that the U.S. District Court itself set and hold this hearing on McGruic's request for a TRO....

-3-

WHEREFORE the above stated reasons and statutes McGuire objects to the Mag'l Judge's Recommendation and moves the Court to not adopt the Recommendation and provide McGuire immediate relief due to the seriousness of the gang torture he is being subject to without the defendants ordering their subordinates to comply with the laws of this State, the U.S. Constitution or protect McGuire even in an half hearted attempt.

Respectfully submitted,

Jay McGuire
#117315 - K-3
Holman Unit 3700
Atmore, AL. 36503

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2008, I have served a copy of these "Objections" upon the following parties V/A, United States Mail postage prepaid:

Comm. Richard Allen
Ala. Dept. of Corrections
P.O. Box 301501
Montgomery, AL. 36130-1501

Governor Bob Riley
Governor's Mansion
Montgomery, AL. 36104

Jay McGuire
#117315 - K-3
Holman Unit 3700
Atmore, AL. 36503

-4-

Mr. James McGuire, Jr.
#117345- R-3
Holman Unit 3700
Atmore, AL. 36503



"Legal Mail"

36101+0711

To: Clerk Debra Hackett
United States District Court
P.O. Box 711
Montgomery, AL. 36101-0711